## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**FERNANDO SANCHES**

       **Plaintiff,**

    **v.**

**COMPLETE CREDIT SOLUTIONS,
INC.,** *et al.*

       **Defendant(s)**

       **Case No. 2:26-cv-00046**
       **Judge Algenon L. Marbley**
       **Magistrate Judge Kimberly A. Jolson**

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
## AGAINST DEFENDANT COMPLETE CREDIT SOLUTIONS, INC.

Plaintiff Fernando Sanchez ("Plaintiff") hereby moves this Court for an entry pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.1 of default judgment against Defendant Complete Credit Solutions, Inc. ("Defendant CCS").  The reasons for Plaintiff's request are more fully contained in the foregoing Memorandum in Support.

WHEREFORE Plaintiff Fernando Sanchez hereby moves this Court for an Entry of Default Judgment against Defendant Complete Credit Solutions, Inc. and for all other relief that this Court may deem just and proper.

       Respectfully Submitted,

       /s/ Brian D. Flick
       Brian D. Flick (0081605)
       Brent S. Snyder (0104059)
       DannLaw
       15000 Madison Ave.
       Lakewood, OH 44107
       Telephone: (216) 373-0539
       Facsimile: (216) 373-0536
       notices@dannlaw.com

       *Counsel for Plaintiff Fernando Sanchez*

**MEMORANDUM IN SUPPORT**

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On January 14, 2026 Plaintiff filed his Complaint for Damages against Defendant CCS and co-Defendant NPG Associates, Inc. *See, e.g. generally* Doc. 1. Plaintiff's Complaint specifically asserted violations against Defendant CCS for (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (Counts I and II) and (2) violations of the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.* (Count III). *See* Doc. 1 at  ¶¶ 50-63, PageID # 9-12 (Count I and Count II); *see also* Doc. 1 at ¶¶ 64-67, PageID # 13 (Count III).

On January 15, 2026 the Clerk of Court issued the Summons to be served upon Defendant CCS. *See* Doc. 2.  Following issuance of the summons, Plaintiff perfected service upon Defendant CCS via personal service upon Bill Edwards, the President of Defendant CCS, on January 21, 2026. *See* Doc. 3.  After Defendant CCS failed to file and serve an answer or otherwise respond to Plaintiff's Complaint by the February 12, 2026 deadline, or at any time thereafter, Plaintiff filed an Application for Entry of Default with the Clerk of Court as to Defendant CCS. *See* Doc. 9.  Before the Clerk issued any Entry of Default, Plaintiff withdrew the Application for Entry of Default on March 27, 2026 based on settlement discussions the parties were engaged in at that time. *See* Doc. 10.

Plaintiff filed his Renewed Application for Entry of Default against Defendant CCS on May 1, 2026 after filing a status report with this Court as required on the same day noting settlement discussions had reached an impasse. *See* Doc. 15; *see also* Doc. 14.  On May 12, 2026 the Clerk issued its Entry of Default against Defendant CCS. *See* Doc. 16.  On June 22, 2026, this Court entered an Order directing Plaintiff to file a motion for default judgment within

fourteen (14) days of the date of that Order or otherwise show cause why he should be given more time. *See* Doc. 21.

Plaintiff now timely files this Motion for Default Judgment against Defendant CCS in compliance with the Court's June 22, 2026 Order.

## II.    LAW AND ARGUMENT

### A.  Legal Standard

The decision to grant default judgment is within the discretion of the district court. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). Fed. R. Civ. P. 55(b)(2) allows for a party to seek an Order of Default Judgment against the opposing party when the opposing party has failed to timely respond to the Complaint within twenty-one (21) days of receipt of the Complaint. *See, e.g. generally*, Fed. R. Civ. P. 55(b)(2).

When a defendant fails to answer or otherwise respond to a complaint, the well-pleaded factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6); see also *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). However, even after default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *DirecTv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

### B.  The Requirements for Entry of Default Judgment Have Been Satisfied

The requirements for entry of default judgment have been fully satisfied in this case. First, as set forth above, the Clerk of Court entered Default against Defendant CCS on May 12, 2026, following Defendant CCS's failure to file a responsive pleading within the time required by the Federal Rules of Civil Procedure. *See* Doc. 16.

3

Second, the well-pleaded allegations in Plaintiff's Complaint are deemed admitted as a responsive pleading was required and the allegations were not denied. *See* Fed. R. Civ. P. 8(b)(6). Here, the Plaintiff has alleged in the Complaint that Defendant CCS violated the FDCPA by "attempting to collect the debt against Plaintiff by (1) placing the September 11, 2025 telephone call (2) sending the September 11, 2025 collection letter (Exhibit 2), (3) reinserting the tradeline on Plaintiff's Equifax Credit File (Exhibit 4), and (4) reporting the tradeline on Plaintiff's Equifax, Experian and TransUnion Credit Files (Exhibit 5) after receiving the underlying dispute communicated to Defendant on September 11, 2025". *See* Doc. 1,  ¶¶ 50-51 at PageID #9; *see also* Doc. 1-1, Doc. 1-2, Doc. 1-3, Doc. 1-4, Doc. 1-5, Doc. 1-6 and Doc. 1-7.  These factual allegations constitute violations of 15 U.S.C. §§ 1692(d), 1692(e)(2)(A), 1692e(8), 1692e(10) and/or 1692(f). *Id.*; *see also* 15 U.S.C. §§ 1692, *et seq.*  The Plaintiff further alleged that these acts which violate the FDCPA caused him damages including, but not limited to: (1) the incursion of actual expenses to send the credit disputes and disputes to Defendants supra , (2) the loss of time in having to review his Credit Files; and (3) having to engage counsel to prosecute this action. *See* Doc. 1, ¶ 53, PageID # 11.

In addition to the well-plead violations of the FDCPA against Defendant CCS in his Complaint, the Plaintiff has also plead that Defendant CCS is liable to the Plaintiff for actions that violate the CSPA as the conduct that violated the FDCPA also constitutes CSPA violations. *Id.*, ¶¶ 64-67; *see also* Doc. 1-1, Doc. 1-2, Doc. 1-3, Doc. 1-4, Doc. 1-5, Doc. 1-6 and Doc. 1-7; see also *In re Angel Lopez*, PIF No. 3308 (March 9, 2017) and *Miller v. Ability Recovery Services, LLC*, PIF No. 3421 (March 27, 2019).

**C. An Evidentiary Hearing on damages is warranted should the Court issue an Entry Granting Default Judgment**

As this Court is well aware, violations of the FDCPA entitle the Plaintiff to an award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A) as well as an award of actual damages and reasonable attorney's fees and costs for violations of the Act pursuant to 15 U.S.C. § 1692k(a)(1) and 15 U.S.C. § 1692k(a)(3) respectively. Additionally violations of the CSPA entitle the Plaintiff to an award of his actual damages or statutory damages, whichever is higher, an award of non-economic damages of up to $5,000, treble damages, and Plaintiff's reasonable attorney fees and costs. *See, e.g. generally* R.C. 1345.09(B) and R.C. 1345.09(F).

As the issues of any award of Plaintiff's actual damages, statutory damages under the CSPA, statutory non-economic damages under the CSPA, treble damages under the CSPA, and Plaintiff's reasonable attorneys fees and costs are questions of fact and evidence, the Plaintiff respectfully requests that this Court conduct a hearing or make a referral to the Magistrate Judge to determine actual damages, costs, and attorney's fees pursuant to Fed. R. Civ. P. 55(b)(2).

## III.    CONCLUSION

WHEREFORE Plaintiff Fernando Sanchez respectfully requests that this Court issue an Entry granting Default Judgment against Defendant Complete Credit Solutions, Inc., issue an Entry scheduling a hearing on Plaintiff's damages either with this Court or with the Magistrate Judge based upon a referral, and for all other relief this Court may deem just and proper.

Respectfully Submitted,

/s/ Brian D. Flick
Brian D. Flick (0081605)
Brent S. Snyder (0104059)
DannLaw
15000 Madison Ave.
Lakewood, OH 44107
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

5

6

*Counsel for Plaintiff Fernando Sanchez*

## CERTIFICATE OF SERVICE

     I hereby certify that on June 25, 2026, a true and correct copy of the foregoing Motion for Default Judgment was filed electronically with the Court's CM/ECF system which will provide notice to all counsel of record. I additionally certify that a true and correct copy was also served upon the following parties via ordinary U.S. mail, postage prepaid:

     Complete Credit Solutions, Inc.
     c/o Bill Edwards, President
     2921 Brown Trail, Suite 100
     Bedford, Texas 76021

          /s/ Brian D. Flick
          Brian D. Flick (0081605)
          *Counsel for Plaintiff Fernando Sanchez*

6